

**FILED**
**SEP 25 2013**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. JENSEN, CAROL J. JENSEN and CHRISTIAN M. JENSEN, <br><br> Plaintiffs, <br><br> vs. <br><br> T.M. TRANSPORT, INC., <br><br> Defendant. | Civ. No 13-1019 <br><br><br> **COMPLAINT** |

COME NOW Michael A. Jensen, Carol J. Jensen, and Christian M. Jensen (collectively "Plaintiff Jensens"), by and through their attorneys of record, and hereby state and allege as follows:

## PARTIES/JURISDICTION

1. That Plaintiff Michael A. Jensen is, and at all times relevant to this matter was, a resident of Roberts County, South Dakota.

2. That Plaintiff Carol J. Jensen is, and at all times relevant to this matter was, a resident of Roberts County, South Dakota.

3. That Plaintiff Christian M. Jensen, is, and at all times relevant to this matter was, a resident of Brookings County, South Dakota.

4. That Defendant T.M. Transport, Inc. ("Defendant T.M. Transport") is, and at all times relevant to this matter was, a corporation duly created under the laws of the state of Illinois, with its principal place of business in Darien, Illinois.

5. That this Court has personal jurisdiction over Defendant T.M. Transport. Defendant T.M. Transport owns and operates numerous tractor-trailers that operate throughout

the United States, including South Dakota. Consistent with this operation, Defendant T.M. Transport is permitted to operate in forty-nine States and several Canadian provinces.

6. That because there is diversity of residence and citizenship between Plaintiff Jensens and Defendant T.M. Transport, and because the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

## GENERAL ALLEGATIONS

7. That during the evening of February 9, 2013, Plaintiff Jensens were traveling east on Interstate 94 in the state of North Dakota, in Michael Jensen and Carol Jensen's 2008 Chevrolet Impala.

8. That Carol Jensen was driving the Chevrolet Impala; Michael Jensen was in the front passenger seat; and Christian Jensen was in the backseat.

9. That at the same time, a tractor-trailer owned and operated by Defendant T.M. Transport, specifically a 2008 Volvo truck pulling a van ("Defendant T.M. Transport's tractor-trailer"), was also traveling east on Interstate 94.

10. That Defendant T.M. Transport's tractor-trailer was being driven by Eradzh Karimov, and was proceeding east some distance behind Plaintiff Jensens.

11. That Mr. Karimov was an employee and/or agent of Defendant T.M. Transport.

12. That upon approaching mile post 319 on Interstate 94, two tractor-trailers were observed; one tractor-trailer was situated partially in the median and partially on the inside (northernmost) portion of the Interstate, while the other tractor-trailer was situated partially in the ditch and partially on the outside (southernmost) portion of the Interstate.

13. That, upon information and belief, the two immobilized tractor-trailers had left

the roadway due to icy/slippery roadway conditions.

14. That upon nearing the two immobilized tractor-trailers, Plaintiff Jensens were traveling in the inside (northernmost) lane of the Interstate.

15. That Carol Jensen had been traveling at a reduced speed after having observed possible icy/slippery roadway conditions prior to coming upon the two immobilized tractor-trailers.

16. That Carol Jensen further decreased the speed of the Chevrolet Impala and activated the vehicle's four-way hazard flashers.

17. That, meanwhile, and notwithstanding the icy/slippery roadway conditions that existed and the two immobilized tractor-trailers, Defendant T.M. Transport's driver, Mr. Karimov, did not reduce the speed of Defendant T.M. Transport's tractor-trailer to a safe and reasonable speed and did not keep a proper lookout for other vehicles on the Interstate.

18. That, moments later, the Chevrolet Impala in which Plaintiff Jensens were traveling was struck in the rear by Defendant T.M. Tranport's tractor-trailer, resulting in Michael Jensen, Carol Jensen, and Christian Jensen suffering injuries and damages.

## COUNT 1 - NEGLIGENCE

19. Plaintiff Jensens reallege and incorporate by reference hereto Paragraphs 1 through 18 as though they were fully set forth herein.

20. That Defendant T.M. Transport's driver, Mr. Karimov, had a duty to avoid placing himself or others in danger and to avoid an accident.

21. That Defendant T.M. Transport's driver, Mr. Karimov, had a duty to keep a lookout for other users of the Interstate, such as Plaintiff Jensens.

22. That Defendant T.M. Transport's driver, Mr. Karimov, had a duty to drive

Defendant T.M. Transport's tractor-trailer at a safe and reasonable speed, and in a careful and prudent manner, given the conditions then existing, including, but not limited to, traffic, weather, and roadway conditions.

23. That Defendant T.M. Transport's driver, Mr. Karimov, had a duty to not drive Defendant T.M. Transport's tractor-trailer at a speed greater than was reasonable and prudent given the conditions then existing, including, but not limited to, traffic, weather, and roadway conditions.

24. That Defendant T.M. Transport's driver, Mr. Karimov, breached the aforementioned duties.

25. That as a proximate and legal result of this breach of the aforementioned duties, Michael Jensen, Carol Jensen, and Christian Jensen sustained injury; experienced pain and suffering, and will experience pain and suffering in the future; sustained a loss of enjoyment of life; incurred expenses for medical care, and will incur further like expenses in the future; sustained a loss of earnings, and will incur a further loss of earning capacity; and suffered permanent injury and disability.

26. That because Mr. Karimov was an employee and/or agent of Defendant T.M. Transport, Defendant T.M. Transport is liable for any acts of negligence on the part of Mr. Karimov.

WHEREFORE, Michael Jensen, Carol Jensen, and Christian Jensen respectfully request that this Court enter a judgment against Defendant T.M. Transport granting the following relief:

(a) General and special damages to be proven at trial;
(b) Any and all costs and disbursements incurred in this action, including attorney's fees;
(c) Pre and post-judgment interest; and

(d)     For such other and further relief as the Court may deem equitable and just under the circumstances.

Dated this 25th day of September, 2013.

Attorneys for the Plaintiffs

**DELANEY NIELSEN & SANNES, PC**

By:     /s/ Thomas L. Sannes
        Gordon P. Nielsen / Thomas L. Sannes
        PO Box 9
        Sisseton, SD  57262
        Tel: 605.698.7084
        Fax: 605.698.7178

**THOMAS BRAUN BERNARD & BURKE, LLP**

By: _____
    John W. Burke
    4200 Beach Drive – Suite 1
    Rapid City, SD 57702
    Tel: 605.348.7516
    Fax: 605.348.5852

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES**